UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____
County Court Case No. 2021-042984-SP-23

LARKIN EMERGENCY PHYSICIANS,
LLC, a Florida Corporation (o/b/o Member # 9455159877)

    Plaintiff,

vs.

NEIGHBORHOOD HEALTH
PARTNERSHIP, INC., a Florida
Corporation

    Defendant.
_____/

## **DEFENDANT NEIGHBORHOOD HEALTH PARTNERSHIP, INC.'S NOTICE OF REMOVAL**

Defendant, Neighborhood Health Partnership, Inc. a Florida Corporation ("NHP"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal and alleges as follows:

### **I. INTRODUCTION**

1. Plaintiff commenced this action in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-042979-SP-23 ("State Court Action").

2. NHP was served with the Complaint on January 14, 2022. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and all other papers served on NHP in the State Court Action are attached hereto as Composite Exhibit "A."

#46631876 v1

3. United removes this case pursuant to 28 U.S.C. § 1441(a) as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331. The state-law claims in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## II. NATURE OF THE CASE

4. Plaintiff Larkin Emergency Physicians, LLC, ("Larkin") is a medical provider and Florida corporation doing business in Miami-Dade County. Complaint at ¶¶ 2, 3.

5. According to the allegations, Member received medical services by Plaintiff and was a member of NHP." Complaint at ¶¶ 8, 9.

6. Larkin is an "out-of-network" provider without its own direct contract with NHP. Complaint at ¶15.

7. Larkin alleges it holds a written assignment of benefits from Member assigning to Plaintiff certain benefits under the NHP Policy. Complaint at ¶¶34, 48, 64.

8. According to Larkin, NHP "is in breach of its Policy with Member". Complaint at ¶¶59, 69.

## III. NATURE OF THE UNDERLYING HEALTH PLAN FURNISHING BENEFITS

9. The Complaint identifies one individual patient whose medical claim and health benefit plan are at issue. Complaint at ¶8. At the time of the date of service framed by the Complaint, that patient was enrolled in an "employee welfare benefit plan" within the meaning of the ERISA. *See* Declaration of Jane E. Stalinski ("Stalinski Declaration") at ¶¶5, 6, attached hereto as Composite Exhibit "B," together with the attached pertinent ERISA plan document, the "Handbook for Employees and Eligible Dependents".

10. An "employee welfare benefit plan" is statutorily defined at Section 1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer…to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death, or unemployment….

11. The very terms of the health plan at issue demonstrates that an ERISA plan exists here. A review of the Handbook for Employees and Eligible Dependents attached to the Stalinski Declaration demonstrates that: (i) the plan was established by the employer Human Resources Associates, LLC; (ii) the intended benefits are the medical expense benefits that are payable in accordance with the plan's terms; (iii) the class of beneficiaries are the eligible employees (and dependents) of the employer who established the plan; and (iv) the procedures for submitting claims and receiving benefits are those which are spelled out in the plans. *Fleming v. Metropolitan Life Ins. Co*., No. 8:06CV88-T-23TBM, 2006 WL 709560 (M.D. Fla. Mar. 16, 2006) (terms of group disability policy "persuasively demonstrate" that ERISA applies); s*ee also* Stalinski Declaration.

### IV.     FEDERAL QUESTION JURISDICTION - COMPLETE PREEMPTION

12. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's state-law causes of action are completely preempted by ERISA with respect to the ERISA governed benefit plan at issue.

13. Ordinarily, removal may not be accomplished unless the face of the Complaint reveals a federal question. This general rule is known as the "well-pleaded complaint" rule. However, the United States Supreme Court recognized the doctrine of "complete preemption" as a corollary or an exception to the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v.*

*Taylor*, 481 U.S. 58, 63-64 (1987). State court actions that come within the scope of § 502(a) of ERISA, 29 U.S.C. § 1132(a), such as a claim for improper denial of benefits under state law, are "displaced" by ERISA's civil enforcement mechanism and are therefore "removable to federal court" as actions that arise under the laws of the United States. *Metropolitan Life*, 481 U.S. at 58, 60; *see also Ehlen Floor Covering v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."). When a "federal statute [such as ERISA] completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

14. In this case, Plaintiff's state-law claims are "in reality based on federal law." *Davila*, 542 U.S. at 207. Despite Plaintiff's efforts to disavow the application of ERISA, the claims are completely preempted because they "duplicate, supplement, or supplant" the ERISA civil enforcement remedy that Congress intended to be exclusive. *Id*. Put another way, the Plaintiff's claims challenge the right to a benefit allegedly covered by an employee welfare benefit plan. Accordingly, removal of this action which squarely implicates ERISA-plan benefits is consistent with ERISA's purpose "to provide a uniform regulatory regime over employee benefit plans." *Id*.

15. The root of Plaintiff's claims is whether health plan benefits beyond what was already paid are owed for the services allegedly provided to the ERISA plan participant. By asserting a right to payment of ERISA plan benefits, Plaintiff is stepping in the shoes of Member and directly challenges the way in which NHP administered claims under the ERISA plan. A lawsuit such as this one to recover benefits that stem from an ERISA plan falls within the scope

of 29 U.S.C. § 1132(a)(1)(B). *See e.g., Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009) (applying *Davila* while finding that ERISA completely preempted providers' state-law claims for breach of contract, breach of good faith and fair dealing, and unjust enrichment); *Borrero v. United Healthcare of N.Y.*, 610 F.3d 1296 (11th Cir. 2010) (applying *Davila* while finding that ERISA completely preempted physicians' state law claims for breach of contract where physicians alleged a failure to pay the proper contracted rate in violation of common and statutory law).

16. Plaintiff alleges that it has the right to be paid based upon the terms of the patient's benefit plan and is expressly suing to enforce the terms of the ERISA plan. Complaint at Count II. Plaintiff further alleges that right stems from its status as holder of a written assignment of benefits from the patient to stand in the shoes of the patient and enforce the member contract. Complaint at ¶¶34, 48, 64. Thus, Plaintiff has derivative standing as a "beneficiary" of the health plan as defined in § 1002 of ERISA for purposes of removal. *See Cagle v. Bruner*, 112 F.3d 1150 (11th Cir. 1997) (recognizing that healthcare providers may acquire derivative standing to sue under ERISA based upon written assignments from the patient who participates in the plan); *Connecticut State Dental,* 591 F.3d at 1353 (11th Cir. 2009) (finding that claim forms submitted by dentists to the defendant ERISA plan insurer "suffice to show an assignment of benefits" and confer ERISA standing for removal purposes); *Borrero*, 610 F.3d at 1302–03 (11th Cir. 2010).

17. Accordingly, based upon the claims pled in the Complaint – which are solely and fundamentally for breach of the ERISA-governed benefit plan at issue – this case is removable under ERISA. Plaintiff's claims for payment of ERISA plan benefits based on Member's Policy necessarily require interpretation of the ERISA plan at issue.

## V.     COMPLIANCE WITH PROCEDURE FOR REMOVAL

18.     This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446.

19.     In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, Summons and other documents filed/served in the State Court Action are attached hereto as Composite Exhibit "A."

20.     NHP will give written notice of the Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of Court for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1446(d).

21.     Venue is proper in the Southern District of Florida, as the Circuit Court in which the action is pending is within the jurisdictional confines of the Southern District.  *See* 28 U.S.C. §1446(a) and 28 U.S.C. § 1441(a).

22.     This notice of removal is signed pursuant to and complies with Rule 11 of Federal Rules of Civil Procedure.

23.     NHP has paid the required removal fee.

24.     NHP respectfully reserves all of its defenses and rights.

No previous application has been made for the relief prayed for in this Notice.

>  /s/ Shari Gerson
>  Shari Gerson, Florida Bar No. 017035
>  Email: shari.gerson@gray-robinson.com
>  GRAY ROBINSON, P.A.
>  401 East Las Olas Boulevard, Suite 1000
>  Fort Lauderdale, Florida 33301
>  Telephone:  (954) 761-8111
>  Facsimile:  (954) 761-8112
>
>  *Counsel for Neighborhood Health Partnership*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2022, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Patrick R. Sullivan, Esq., prs@lubellrosen.com, Mark L. Rosen, Esq., mlr@lubellrosen.com, Amber L. Ruocco, Esq., alr@lubellrosen.com, Lubell Rosen, 200 South Andrews Avenue, Suite 900, Ft. Lauderdale, FL 33301, *Counsel for Plaintiff*

/s/ Shari Gerson
Shari Gerson, Florida Bar No. 017035
Email: shari.gerson@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone:  (954) 761-8111
Facsimile:  (954) 761-8112

*Counsel for Neighborhood Health Partnership*