# Exhibit "A"

 **CT Corporation**

**Service of Process Transmittal**
01/14/2022
CT Log Number 540884579

| | |
|---|---|
| **TO:** | Rebecca Thompson<br>UnitedHealth Group Incorporated (111504190770700600)<br>9900 Bren Rd E Ste 300W, MN008-T502<br>Minnetonka, MN 55343-9693 |

**RE:** **Process Served in Florida**

**FOR:** Neighborhood Health Partnership, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LARKIN EMERGENCY PHYSICIANS, LLC, A FLORIDA CORPORATION, a Florida Corporation (o/b/o Member # 9455159877), // To: Neighborhood Health Partnership, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021042984SP23 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/14/2022 at 01:54 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2022, Expected Purge Date: 02/13/2022 |
| | Image SOP |
| | Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                   Fri, Jan 14, 2022

**Server Name:**            Michael Ernst

| | |
|---|---|
| Entity Served | NEIGHBORHOOD HEALTH PARTNERSHIP, INC. |
| Case Number | 2021-042984-SP-23 |
| Jurisdiction | FL |



| X  IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>o  IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| DIVISION<br>X  CIVIL<br>o  DISTRICTS<br>o  OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2021-042984 SP 23 |
| PLAINTIFF(S)<br><br>Larkin Emergency Physicians, LLC (o/b/o Member #9455159877) | VS. DEFENDANT(S)<br><br>Neighborhood Health Partnership, Inc. | SERVICE<br><br>*1/14/22 1:5:30*<br>*CH/6 6/9* |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): Corporation Service Company

1201 Hays Street

Tallahassee, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney:  Mark L. Rosen, Esq.

whose address is:  200 South Andrews Avenue, Suite 900, Ft. Lauderdale, FL 33301

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."</u> after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | *Kiovanni   Scott*<br><br>DEPUTY CLERK | DATE<br><br>DEC  1 4 2021 |
|---|---|---|

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 11/18                    *mailed  to  atty*                    Clerk's web address: www.miami-dadeclerk.com

Filing # 139661392 E-Filed 12/03/2021 11:18:23 AM

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

LARKIN EMERGENCY PHYSICIANS,
LLC, A FLORIDA CORPORATION, a
Florida Corporation (o/b/o Member #
9455159877),

        Plaintiff,

v.

NEIGHBORHOOD HEALTH
PARTNERSHIP, INC., a Florida
corporation,

        Defendant.

_____/

## COMPLAINT

Plaintiff, LARKIN EMERGENCY PHYSICIANS, LLC, A FLORIDA CORPORATION o/b/o Member # 9455159877 ("Larkin" or "Plaintiff"), sues Defendant, NEIGHBORHOOD HEALTH PARTNERSHIP, INC., ("Defendant" or "NHP"), a Florida corporation, and alleges as follows:

### GENERAL ALLEGATIONS

#### A. Jurisdiction, Venue and Parties

1.    This is an action for damages to recover underpaid healthcare claims pursuant to Florida Statute § 641.3155/Section 641.3156 and for other relief requested herein less than $2,500.00 exclusive of court costs, pre-judgment interest, and attorney fees.

2.    At all times material hereto, Plaintiff was and is a healthcare provider duly licensed and authorized by the State of Florida to provide healthcare and treatment therein.

3.    Plaintiff is a Florida for-profit corporation with its principal place of business in Miami-Dade County, Florida.

93005-7030

4.      Defendant NHP is a Florida licensed Health Maintenance Organization ("HMO") and a Florida not for profit corporation with its principal place of business in Miami-Dade County, Florida, which contracts to insure persons or risks located within the State of Florida, including Miami-Dade County, at the time of contracting.

5.      This Court has personal jurisdiction over NHP pursuant to § 48.193(1)(a)(4), Florida Statutes, because all services were performed in Miami-Dade County and billed from Plaintiff's principal of place of business.

6.      Plaintiff provides emergency medicine services to patients in the Emergency Department at Larkin Community Hospital.

7.      Plaintiff is obligated by Florida law to examine an individual presenting to the emergency department and to provide treatment to any such individual with an emergency medical condition, regardless of the individual's insurance coverage or ability to pay.

8.      Member # 9455159877 ("Member") is a fictitious name for the patient who received the medical services described in this Complaint.  Upon information and belief, Member can be identified by NHP as Member ID # 9455159877.

9.      Plaintiff performed medical care and services to Member at Larkin Community Hospital  (not a party to this suit), an acute care facility licensed under Chapter 395, and has the requisite standing to bring this private first party action against the Defendant. *See Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1194 (Fla. 4th DCA 2006). Upon information and belief, said facility, at all times material, had a contract with Defendant NHP.

10.      Venue is proper in Miami-Dade County, Florida, pursuant to Chapter 47, Florida Statutes, because all services were performed in Miami-Dade County and billed from Plaintiff's principal of place of business.

### B. The Covered Services

11.     In exchange for premiums, Defendant pays for health care services rendered to members of its commercial health care products and platforms, including exchange products, self-insuranced plans, health maintenance organizations, prefered provider organizaitons, eclusive provier organizations, limited health service organizations, indemnity plans, or any health care arrangement whereby risk is assumed.

12.     Defendant is a health insurer who operates a health maintence organization ("HMO") as defined by Florida Statute § 641.19(12). HMOs are governed by Chapter 641 of the Florida Statutes.

13.     Defendant was paid a premium by or on behalf of Member in exchange for healthcare coverage according to the terms of the policy.

14.     Upon information and belief, at all times material Larkin Community Hospital had and has a contractual agreement with NHP by which Larkin Community Hospital  agreed to participate in Defendant's network of participating facilities to provide medical services to subscribing members covered by Defendant's health plans.

15.     At all times material, Plaintiff had no direct agreement with NHP to be reimbursed for its services provided to Defendant's subscribing members at discounted rates.  Accordingly, Plaintiff was and is considered an out-of-network or nonparticipating provider with NHP.

16.     Member is covered by Defendant's Florida-licensed HMO insurance policy (the "Policy" or "Agreement") which was in full force and effect at the time of the medical services provided herein.  Plaintiff is not in possession of Member's Policy; however, Defendant is, or should be, in possession of Member's Policy and such will be obtained via discovery.

17.     On 2/12/2018, Member received emergent medical services from Plaintiff and Plaintiff's physicians at Larkin Community Hospital.

18.    Member did not have the ability or opportunity to choose a participating in-network provider at Larkin Community Hospital, who was available to perform the medical services performed by Plaintiff during Member's treatment at Larkin Community Hospital.

19.    All medical services provided by Plaintiff were reasonable and medically necessary in light of Member's presenting condition.

20.    The medical services provided by Plaintiff to Member are covered services under the Policy.

21.    Florida law mandates that out-of-network providers be paid for the services they render in both emergent and non-emergent circumstances under certain conditions. *See* Florida Statutes § 641.513(5) and § 641.3156(1).

### Florida Statute Section 641.513(5)

22.    If Member's treatment was emergent, payment of Plaintiff's claim is governed by § 641.513(5) which provides:

> **Reimbursement for services pursuant to this section by a provider who does not have contract with the health maintenance organization, shall be the lesser of:**
>
> **(a)    The provider's charges;**
>
> **(b)    The usual and customary provider charges for similar services in the community where the services were provided; or**
>
> **(c)    The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.**

### Florida Statute Section 641.3156(1)

23.    If Member's treatment was non-emergent, payment of Plauintiff's claim is governed by § 641.3156 which provides:

> **(1) A health maintenance organization *must pay* any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the health maintenance organization to authorize or direct the patient's utilization of**

**health care services and which was also authorized in accordance with the health maintenance organization's current and communicated procedures, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.** (emphasis added.)

24.     Plaintiff timely and properly submitted its claim to NHP in the usual course of business for reimbursement of the covered services in the amount of **$1,838.00**.

25.     Plaintiff's billed charges for its medical services to Member were within the usual and customary charges for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

26.     Accordingly, Plaintiff is entitled to reimbursement of its billed charges, as that rate is within the usual and customary charges for the community or geographic area.

27.     In the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff is entitled to reimbursement for the usual and customary charges for the community or geographic area.

28.     Defendant has wrongfully refused to pay Plaintiff the entire amount of Plaintiff's billed charges on the submitted claims.

29.     Defendant, by paying an arbitrary amount, has wrongfully refused to pay Plaintiff the usual and customary charges on the submitted claims.

30.     Rather, the rate paid by Defendant was significantly less than usual and customary charges.

31.     Plaintiff's claims do not concern any coverage rights on behalf of the Member.

32.     Plaintiff submitted charges in the aggregate sum of **$1,838.00** to Defendant for the services rendered to Member. Rather than paying Plaintiff's charges Defendant paid only **$380.62** for the total medical services provided, an amount which is less than what is required by Florida law and the Policy.

33.     As a result of the underpayment, Plaintiff has been damaged.

34.     Member executed a written assignment of benefits assigning to Plaintiff certain benefits payable pusuant to the Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on behalf of Member. In addition, or alternatively, Member equitably assigned their benefits under the Policy to Plaintiff.

35.     By issuing payment to Plaintiff, Defendant has approved the assignment pursuant to the terms of the Policy.

36.     Plaintiff is entitled to interest thereon at a rate 12% per annum on the amounts overdue on the underpaid claims pursuant to § 641.3155(6), Florida Statutes.

37.     Plaintiff has retained the undersigned law firm to represent its interests in this matter.  Plaintiff has agreed to pay, and counsel for Plaintiff has agreed to accept, any Court awarded fee for its reasonable attorney fees and costs.

38.     All available conditions precedent relative to this action have been performed or satisfied by Plaintiff or waived by Defendant.

### C.  Plaintiff's claims do not implicate Section 502(a) of ERISA

39.     To the extent that the Policy is governed by an Employee Retirement Income Security Act of 1974 ("ERISA") plan, Plaintiff's claims against NHP are solely for breach of the Provider Agreements and Plaintiff expressly disclaims any claims for violations of ERISA.

40.     Plaintiff's claims concern only *rate* of payment, rather than *right* of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans*, Inc., 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia*

*Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017).[1][2]

41.     Plaintiff's claim(s) do not implicate any Federal law and no claims made herein would give rise to Federal Jurisdiction.

## COUNT I
## BREACH OF CONTRACT
### (Third-Party Beneficiary)

42.     Plaintiff realleges the General Allegations (paragraphs 1-41) as if fully set forth herein.

43.     At all times relevant, Member, while a patient at Larkin Community Hospital, received emergency and/or nonemergency services from Plaintiff under the terms of the Policy.

44.     Plaintiff is a third-party beneficiary to the Policy since Defendant is mandated to pay Plaintiff directly for such services pursuant to Florida law.

45.     Plaintiff is also a third-party beneficiary to the Policy since (i) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; (ii) such contracts primarily and directly benefit medical providers such as Plaintiff pursuant to

---

[1]     *See* Final Order of Remand at 4–5, *Recovery Vill. at Umatilla, LLC v. United Behavioral Health, Inc.*, No. 15–62374, ECF No. 37 (S.D. Fla. Sept. 12, 2016)  (Finding "because Plaintiff's claims are rate of payment, rather than right of payment claims, and because they are based on contractual principles beyond the scope of ERISA, these claims are not completely preempted by ERISA"); *See also* Order Granting Pl.'s Mot. to Remand at 5, *Recovery Vill. at Umatilla, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 15–61414, ECF No. 52 (S.D. Fla. Aug. 28, 2015) ("If all the claims at issue were pre-authorized and paid by Defendants, as Plaintiff contends, such claims would not fall within the scope of ERISA, and [the plaintiff]'s state-law claims would not be completely preempted.... [T]he Court must resolve doubt regarding its subject-matter jurisdiction in favor of remand.").

[2]     *See also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999)  ("[T]he bare fact that the [ERISA] plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision.").

Florida statutes incorporated within the insurance contracts by the statutory incorporation doctrine; and (iii) because the insurance contracts either mandated or allowed for payment directly to Plaintiff for the services that were provided to Member.

46.     The Policy between Defendant and Member should be interpreted to provide that Defendant should pay Plaintiff its billed charges or, in the alternative, the usual and customary charges for the medical services rendered, if it is determined that the billed charges exceed the usual and customary charges for the medical services rendered.  Alternatively, the charges for services rendered by Plaintiff are either set by statute or administrative regulation, which is incorporated into the contract through the principle of statutory incorporation.

47.     Moreover, at all times material, Defendant has acted as though Plaintiff was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

48.     Further, Member executed a written assignment of benefits assigning to Plaintiff certain benefits payable pursuant to the Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on behalf of Member. In addition, or alternatively, Member equitably assigned their benefits under the Policy to Plaintiff.

49.     Member is enrolled in Defendant's HMO and as such Member's policy is governed by Florida's HMO statute found in Chapter 641, Florida Statutes.

50.     Sections 641.513 and 641.3156 are statutorily incorporated into Defendant's and Member's policy.

## Florida Statute Section 641.3156

51.     Section 641.3156(1) states that the state's HMOs "**must pay** any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the [HMO] to authorize or direct the patient's utilization of health

care services and which was also authorized in accordance with the [HMO's] current and communicated procedures..." (emphasis added).

52.     If Member's treatment was not emergent, then Member was referred to Plaintiff by Larkin Community Hospital to undergo medically necessary treatment.

53.     Larkin Community Hospital and its staff physicians are permitted to authorize and direct Member's utilization of health care services as medical necessity dictates pursuant to the terms of their network agreement with Defendant.

54.     Defendant has wrongfully refused to pay Plaintiff the amount due for the submitted claims in violation of the statute.

### Florida Statute Section 641.513

55.     Section 641.513 establishes the proper reimbursement for emergency services rendered by non-participating providers, such as Plaintiff, who do not have a contract with an HMO. The statute states in pertinent part:

> **(5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:**
> **(a)    The provider's charges;**
> **(b)    The usual and customary provider charges for similar services in the community where the services were provided; or**
> **(c)    The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.**

56.     After providing said medical services, Plaintiff submitted charges in the aggregate sum of **$1,838.00** to Defendant for the services rendered to Member. Rather than paying Plaintiff's charges, or in the alternative if Plaintiff's charges are determined to exceed the usual and customary charges, the usual and customary charges Defendant would be required to pay, Defendant paid only **$380.62** for the total medical services provided, a sum far below the usual and customary charges for the community or geographic area.

57.     The parties did not mutually agree on a charge to be paid for this claim. Therefore, Defendant was obligated to pay either Plaintiff's charges or the usual and customary provider charges in the community where the services were provided.

58.     The Defendant already determined that the medical services provided by Plaintiff were covered, and distributed payment to Plaintiff pursuant to the Policy.   Plaintiff is simply seeking complete reimbursement for its provided services in the amount of the billed charges.

59.     As a result, Defendant is in breach of its Policy with Member to which Plaintiff is a third-party beneficiary.

60.     As a direct and proximate result of such breach of the Policy, to which Plaintiff is an intended third-party beneficiary, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical service provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with interest and reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE,** Plaintiff demands judgment against Defendant NHP for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT
### (Assignee/Direct Payee of Member)

61. Plaintiff realleges the General Allegations (paragraphs 1-41) as if fully set forth herein.

62. Defendant issued the Policy to Member which provided for payment of medical expenses as set forth therein.

63. The Policy was in full force and effect on the date(s) of service when Plaintiff provided covered medical services to Member.

64. Member executed a written assignment of benefits assigning to Plaintiff certain benefits payable pursuant to the Policy and also authorizing direct payment to Plaintiff of any benefits otherwise payable to or on behalf of Member.

65. In addition, or alternatively, Member equitably assigned Member's benefits under the Policy to Plaintiff.

66. The medical services provided by Plaintiff to Member, described above, were medically necessary and were appropriate in cost.

67. The Defendant already determined that the medical services provided by Plaintiff were covered, and distributed payment to Plaintiff pursuant to the Policy. Plaintiff is simply seeking complete reimbursement for its provided services in the amount of the billed charges.

68. Defendant has unilaterally reduced the medical bills that were submitted by Plaintiff for the date(s) of service set forth above.

69. As a result, Defendant is in breach of its Policy with Member.

70. As a direct and proximate result of such breach of the Policy, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical service provided or, in the alternative, what is determined to be

the usual and customary charges for the medical services provided, together with prejudgment

interest and its reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant NHP for the unpaid

balance of its full billed charges, as same are within the usual and customary charges, or in the

alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary

charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual

and customary charges for the community or geographic area for its emergency and nonemergency

charges for the medical services rendered, together with pre-judgment interest and its reasonable

attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other

relief as the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE HEALTH MAINTENANCE ORGANIZATION ACT**
**(CHAPTER 641, FLA. STAT.)**

71.    Plaintiff realleges the General Allegations (paragraphs 1-41) as if fully set forth

herein.

72.    Section 641.513, Florida Statutes, requires HMOs to properly reimburse providers

for rendering emergency services, such as the services rendered by Plaintiff.

73.    Emergency services rendered by out of network providers must be reimbursed

according to the following schedule found in § 641.513(5)(a)-(c):

> **Reimbursement for services pursuant to this section by a provider who does**
> **not have contract with the health maintenance organization, shall be the lesser**
> **of:**
>
> **(a)    The provider's charges;**
> **(b)    The usual and customary provider charges for similar services**
>        **in the community where the services were provided; or**
> **(c)    The charge mutually agreed to by the health maintenance**
>        **organization and the provider within 60 days of the submittal of**
>        **the claim.**

74.    Thus, Defendant is required to pay the Plaintiff the lesser of Plaintiff's billed charges and the usual and customary charges for similar services in the community where the services were provided for the emergency medical services Plaintiff rendered to Member.

75.    Section 641.3156, Florida Statutes, requires HMOs to properly reimburse providers for rendering nonemergency services.

76.    Section 641.3156, Florida Statutes, states:

> (1) A health maintenance organization must pay any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the health maintenance organization to authorize or direct the patient's utilization of health care services and which was also authorized in accordance with the health maintenance organization's current and communicated procedures, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.

> (2) A claim for treatment may not be denied if a provider follows the health maintenance organization's authorization procedures and receives authorization for a covered service for an eligible subscriber, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.

> (3) Emergency services are subject to the provisions of s. 641.513 and are not subject to the provisions of this section.

77.    Section 641.3155, Florida Statutes, requires HMOs to pay claims properly and promptly.

78.    The Defendant already determined that the medical services provided by Plaintiff were covered, and distributed payment to Plaintiff pursuant to the Policy. Plaintiff is simply seeking complete reimbursement for its provided services in the amount of the billed charges.

79.    When an HMO fails to properly pay a claim it is required to pay both the remainder of the claim and simple interest at twelve percent (12%) per year from when the claim should have been paid, denied, or contested.

80.     Florida Statute Section 641.3155 is incorporated into Member's HMO policy.

81.     The provisions of Fla. Stat. § 641.3155 may not be waived, voided, or nullified by contract.

82.     NHP's failure to timely and properly pay the subject claims or the 12% interest is a breach of Member's HMO policy.

83.     As a direct and proximate result of Defendant's violation of Fla. Stat. § 641.3155, Plaintiff has suffered damages in the form of outstanding balance for its charges for medical services plus 12 percent interest.

84.     Defendant has wrongfully refused to pay Plaintiff its billed charges or the usual and customary charges on the submitted claims in violation of Chapter 641, Florida Statutes.

85.     As a direct and proximate result of Defendant's violation of the statute, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical service provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant NHP for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT
### (in the alternative)

86.     Plaintiff realleges the General Allegations (paragraphs 1-41) as if fully set forth herein.

87.     Plaintiff was not contracted with the Defendant on the date(s) that medical services were rendered to Member.

88.     At all times material, Plaintiff billed for emergent and/or non-emergent medical services provided to Member at Larkin Community Hospital , located in Miami-Dade County, Florida.

89.     Plaintiff has properly and timely submitted claims for charges with the Defendant for the medical services that the Plaintiff provided to Member.

90.     Such charges were within the usual and customary charges for similar services in the community where such services were provided.

91.     Despite demands, Defendant has refused and continues to refuse to pay the usual and customary charges, but instead paid well below the usual and customary charges.

92.     The services provided by Plaintiff were medically necessary in the care and treatment of Member and were performed with the Defendant's knowledge.  The care rendered by Plaintiff at Larkin Community Hospital  was either properly authorized or required no such authorization for the specific medical services rendered.  Authorization issued by the Defendant encompasses medically necessary ancillary services ordered in the course of the treating physician's treatment plan.

93.     Thus, the services conferred a direct benefit to the Defendant and were accepted by the Defendant through Member.

94.     The circumstances indicate that it would be inequitable for the Defendant to be permitted to collect premiums from their members and subscribers in return for agreeing to properly reimburse providers that render covered medical services without paying the value thereof to the provider. *See S. Broward Hosp. Dist. v. ELAP Services, LLC*, 20-CV-61007, 2020 WL 7074645, at \*7 (S.D. Fla. Dec. 3, 2020); *See also Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, 465 F. Supp. 3d 1211 (M.D. Fla. 2020).

95.     Further, the Defendant retained the benefit that was conferred to Member without issuing the proper payment for the benefit.

96.     As a result, the circumstances are such that the Defendant should, in all fairness, be required to pay the proper amount for the services provided by Plaintiff to Member.

97.     Due to Defendant's failure to pay the usual and customary charges for these medical services, Defendant has been unjustly enriched, and Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical services provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant NHP for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right to a jury.

Dated this 2nd day of December 2021.

Respectfully Submitted,

By:  /s/ Patrick Sullivan
     Patrick R. Sullivan, Esq.
     Florida Bar No. 114135
     Mark L. Rosen, Esq.
     Fla. Bar. No.: 45675
     Amber L. Ruocco, Esq.
     Fla. Bar. No.: 121669
     LUBELL | ROSEN
     *Attorneys for Plaintiff*
     200 South Andrews Avenue, Suite 900
     Fort Lauderdale, Florida 33301
     Telephone: (954) 880-9500
     Facsimile: (954) 755-2993
     E-Mail:  prs@lubellrosen.com;
              mlr@lubellrosen.com;
              alr@lubellrosen.com

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.: 2021-042984-SP-23

LARKIN EMERGENCY PHYSICIANS,
LLC, a Florida Corporation (o/b/o
Member # 9455159877),
      Plaintiff,

vs.

NEIGHBORHOOD HEALTH
PARTNERSHIP, INC., a Florida
corporation,

     Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o Member # 9455159877), pursuant to Fla. Sm. Cl. R. 7.020(b), requests Defendant, NEIGHBORHOOD HEALTH PARTNERSHIP, INC., ("Defendant" or "NHP") make the following admissions in writing within thirty (30) days of service:

## DEFINITIONS AND INSTRUCTIONS

1.    The term "Defendant", "You", "Your", or "NHP" shall refer to the Defendant, Neighborhood Health Partnership, Inc. and/or its predecessors, subsidiaries, or affiliates, including all agents, employees, independent contractors, attorneys, and any other persons acting or purporting to act on your behalf.

2.    The term "Larkin" refers to the Larkin Emergency Room Physicians, LLC, and/or its predecessors, subsidiaries, or affiliates, including all agents, employees, independent contractors, attorneys, and any other persons acting or purporting to act on its behalf.

93005-7030

3.      The term "services" refers to medical services rendered on behalf of treating physicians at Larkin Community Hospital.

4.      The term "Claimant", "Member" or "patient" shall refer to the insured identified in the Complaint as Member # 9455159877, a fictitious name for the patient who received medical services from Plaintiff.

5.      The term "Allowed Amount" refers to the dollar amount listed in the column entitled "Allowed Amount" on the Remittance Advice and Explanation of Payment issued to Plaintiff by Defendant for the claim for services rendered to Member at issue in this action.

6.      The term "CPT" refers to Current Procedural Terminology developed by the American Medical Association (AMA) and used to identify medical, diagnostic, and surgical services performed by health care providers.

7.      The term "action" means the above-captioned matter entitled *LARKIN EMERGENCY PHYSICANS, LLC (o/b/o Member # 9455159877) v. NEIGHBORHOOD HEALTH PARTNERSHIP, INC.*, Case No. 2021-042984-SP-23, currently pending in the County Court in and for Miami-Dade County.

## ADMISSIONS

1.      Admit that Member currently is or was a NHP member on the date of service of the claim at issue in this matter.

2.      Admit that Member was a patient of Larkin Community Hospital on the date of service of the claim at issue in this matter.

3.      Admit that Defendant is not alleging that Plaintiff committed fraud in this case.

4.      Admit that Defendant has no evidence that Plaintiff committed fraud in this case.

5.      Admit that Plaintiff has standing to pursue this matter.

6.      Admit that the services rendered by Plaintiff at issue in this matter were related to medical treatment sought by Member at Larkin Community Hospital on 02/12/2018.

7.      Admit that the services rendered by Plaintiff were medically necessary in light of the surgical procedure that Member on the date of service of the claim at issue in this matter.

8.   Admit that Defendant did not pay Plaintiff the total billed charges of $1,838.00 for services rendered at issue in this matter.

9.      Admit that Larkin Community Hospital was a participating facility in NHP's network on the applicable dates of service at issue in this matter.

10.      Admit that Defendant did not deny Plaintiff's bill as a result of Plaintiff's failure to provide Defendant with a copy of the Member's signed assignment of benefits.

11.      Admit that the bill submitted to NHP by Plaintiff for the services at issue in this matter was denied due to Plaintiff's status as an "out-of-network" provider.

12.      Admit that NHP did not pay Plaintiff's bill for services rendered to Member at issue in this matter.

13.      Admit that the charges submitted to Defendant for treatment rendered to Member were reasonable in light of what is usual and customary in the Plaintiff's geographic location.

14.      Admit that Defendant did not independently analyze whether Plaintiff's charges were usual and customary in Miami-Dade County for the date of service at issue in this matter.

15.      Admit that NHP was aware that Plaintiff provided services to assignee in an in-network medical center.

16.      Admit that all physicians who render care and treatment under the Plaintiff's tax ID number are physicians licensed under Chapter 458 and/or Chapter 459, Florida Statutes.

17.     Admit that NHP failed to compensate Plaintiff in accordance with Fla. Stat. 627.64194(3)(a)-(b).

18.     Admit that Defendant acted in bad faith by failing to compensate Plaintiff in accordance with Fla. Stat. 627.64194(3)(a)-(b).

Respectfully submitted,

**<u>LUBELL | ROSEN</u>**
*Attorneys for Plaintiff*
Museum Plaza- Suite 900
200 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 880-9500
Facsimile: (954) 755-2993
E-mail:     prs@lubellrosen.com
E-mail:     mlr@lubellrosen.com
E-mail:     sbl@lubellrosen.com
E-mail:     alr@lubellrosen.com

By:     */s/ Patrick R. Sullivan, Esq.*
Patrick R. Sullivan, Esquire
Fla. Bar No.: 114135
Mark L. Rosen, Esquire
Fla. Bar No.: 45675
Sean B. Linder, Esquire
Fla. Bar No.: 1002351
Amber L. Ruocco, Esquire
Fla Bar No.: 121669

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by email through the Florida Courts E-Filing Portal on February 14, 2022, to the following:

| | |
|---|---|
| Shari Gerson, Esq.<br>GrayRobinson, P.A.<br>401 East Las Olas Boulevard<br>Suite 1000<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 761-8111<br>***Counsel for Defendant*** | Shari.gerson@gray-robinson.com<br>Amy.miguelez@gray-robinson.com |

By:      */s/Patrick Sullivan, Esq.*
                Patrick R. Sullivan, Esquire
                Fla. Bar No.: 114135

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-042984-SP-23

LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o Member # 9455159877),

     Plaintiff,

vs.

NEIGHBORHOOD HEALTH PARTNERSHIP, INC., a Florida corporation,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, LARKIN EMERGENCY PHYSICANS, LLC, a Florida Corporation (o/b/o Member # 9455159877) ("Plaintiff" or "Larkin"), pursuant to Fla. Sm. Cl. R. 7.020(b) requests Defendant, NEIGHBORHOOD HEALTH PARTNERSHIP, INC., ("Defendant" or "NHP") produce the documents detailed below for inspection and copying at the office of the undersigned attorney, within thirty (30) days of service hereof:

## DEFINITIONS AND INSTRUCTIONS

1. The Term "Defendant", "You", "Your", Or "NHP" Shall Refer To Defendant, Neighborhood Health Partnership, Inc., and/or its predecessors, subsidiaries, or affiliates, including all agents, employees, independent contractors, attorneys, and any other persons acting or purporting to act on your behalf.

2. The term "Larkin" refers to Plaintiff, Larkin Emergency Physicians, LLC, and/or its predecessors, subsidiaries, or affiliates, including all agents, employees, independent contractors, attorneys, and any other persons acting or purporting to act on its behalf.

3. The term "Claimant", "Member" or "patient" shall refer to the insured identified in the Complaint as Member #9455159877, a fictitious name for the patient who received medical services from Plaintiff.

4. The term "services" refers to medical services rendered on behalf of treating physicians at Larkin Community Hospital.

93005-7030

5.  The term "Allowed Amount" refers to the dollar amount listed in the column entitled "Allowed Amount" on the Remittance Advice and Explanation of Payment issued to Plaintiff by Defendant for the claim for services rendered to Member at issue in this action.

6.  The term "CPT" refers to Current Procedural Terminology developed by the American Medical Association (AMA) and used to identify medical, diagnostic, and services performed by health care providers.

7.  The term "communication(s)" means any disclosure, publication, expression, transfer or exchange of information, data, or opinion, however made, including, but not limited to, writings, face-to-face meetings, telephone conversations, video conferences, voicemail, facsimiles, e-mails, text messages, Facebook messages or posts, and Twitter postings or messages.

8.  The phrase "relating to" means containing, constituting, considering, comprising, concerning, evidencing, discussing, regarding, describing, reflecting, studying, commenting, or reporting on, mentioning, analyzing, referring, alluding, or pertaining to, or bearing a reasonable connection with or relation to, in whole or in part.

9.  The term "including" means including without limitation.

10. The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

11. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including electronically stored information, correspondence, memoranda, notes, e-mails, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any kind (including photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical, or electric records or representations of any kind (including tape, cassettes, discs and records). The term "document" specifically includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term also includes, information stored in, or accessible through, computer or other information retrieval systems (including computer archives or backup systems), together with instructions and all other materials necessary to use or interpret such data compilations.

12. The term "all documents" means every such document or group of documents that are known to you or that you can locate or discover through reasonably diligent efforts.

13. The term "action" means the above-captioned matter entitled *LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o* Member # 9455159877) v. NEIGHBORHOOD HEALTH PARTNERSHIP, INC.*, Case No.  2021-042984-SP-23, currently pending in the County Court in and for Miami-Dade County.

14. As used herein, the singular shall include the plural, the plural shall include the singular, and, as to pronouns, each gender shall include the other.

15. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring the scope hereof any documents or communications which might otherwise be construed to be outside the scope hereof.

16. When producing documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained, and the name of the documents being produced.

17. If any file or document has been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file or document, as well as the title and present location of same.

18. If you choose to withhold any documents on the grounds of privilege, please identify the documents so withheld by date, author, recipients, and subject matter, and state the grounds you assert for withholding the documents.

19. If any documents responsive to this Request for Production are no longer in your possession, please indicate:
    (a) when you possessed, examined, received, or were aware of any such reports or materials;
    (b) where you possessed, examined, viewed, or knew they were kept;
    (c) where any such reports or materials may be at present, to the best of your knowledge;
    (d) if any such reports or materials were destroyed, state when, where, by whom, in what manner, and the reason for their destruction.

20. If you object to any Request but produce documents notwithstanding your objection, please indicate whether you have produced all responsive documents or whether you have withheld some documents based on your objection.

21. Unless otherwise specified in any request, the time frame is January 1, 2018, to the present.

22. This Request for Production shall be deemed to be continuing; please produce by supplementary responses any information requested herein which is unavailable now but which becomes available to you before the termination of this case.

## DOCUMENTS REQUESTED

1.  A copy of the insurance policy, HMO, EPO, or PPO agreement applicable to the subject claim together with a copy of the declarations page and application for such insurance policy, HMO agreement, EPO agreement, or PPO agreement that would have been in effect at the time of the claim at issue in this action. If the subject policy was a renewal of a previously issued policy, a copy of the application and declarations page for the policy previously issued by the Defendant to the insured.

2.  A copy of any and all reports resulting from a review of the insured/claimant's medical records performed at the Defendant's request.

3.  True and legible copies of any certifications, pre-certifications, pre-authorizations, or authorizations issued by Defendant within two weeks of the date of service of the claim at issue in this action.

4.  A copy of any other report(s) from a health care practitioner and/or any other documents, reports, or recommendations upon which the Defendant has based, in whole or in part, its decision to refuse payment of the full amount of the Plaintiff's charges.

5.  A copy of any and all correspondence, notices or other documents sent by the Defendant to the Plaintiff, the Plaintiff's attorney, to the claimant/insured or to the claimant/insured's attorney.

6.  Documents reflecting any written or oral network agreement between You and Larkin Community Hospital that would have been in effect at the time of the claim at issue in this action.

7.  A copy of any and all correspondence, notices or other documents received by the Defendant from the Plaintiff, the Plaintiff's attorney or the claimant/insured or claimant/insured's attorney.

8.  Copies of the front and back of each and every bill for medical services, specifically for

the same CPT codes included in Plaintiff's bill which is at issue in this action, submitted to Defendant by any provider in Miami-Dade County within two weeks of the date of service of the claim at issue in this matter so that the date each bill was received can be ascertained from the copy.

9. Copies of clearinghouse receipts or copies of any and all envelopes for the bills referenced in Request No. 8.

10. Copies of correspondence to and from any medical provider for bills referenced in Request No. 8, including explanations of benefits, denials, or remittance advices issued by Defendant.

11. Copies of all clearinghouse receipts for bills submitted by Plaintiff to Defendant relating to the claim at issue in this action.

12. Copies of the printout of all claims processor or claims representative notes on the claim at issue in this action, from the commencement of the claim to the present, excluding or redacting those notes that reflect conversations between any Defendant's representatives and Defendant's counsel.

13. Copies of any explanations of payment, explanations of benefits or remittance advices issued by Defendant in connection with the claim at issue in this action.

14. If the Defendant contends that the amount charged by the Plaintiff exceeds the usual and customary provider charge for similar services in the community where the services were provided, produce any and all surveys, reports, studies, data, and any other document relied upon by the Defendant that demonstrates the usual and customary charge for similar services in the community where the services were provided for each CPT code for which the Plaintiff has submitted to the Defendant for payment.

15. Documentation sufficient to show how much Defendant reimbursed in-network and out-of-network providers operating in Miami-Dade County for the same CPT codes included

in Plaintiff's bill which is at issue in this action for during which the subject services were rendered.

16. A copy of any statement taken from any person with knowledge of the facts or issues concerning the claim at issue in this matter.

17. True and legible copies of Defendant's policies and procedures applicable to the receipt, review, processing and/or adjudicating of the claim at issue in this matter.

18. For each of the CPT codes submitted by the Plaintiff for the services rendered to the claimant, any and all listings, data, data reports, community pricing reports, geo-zip reports or summaries that Defendant has in its possession or control or is able to produce from its claim processing system showing all charges Defendant received for the year in which the subject services were rendered in zip codes beginning with first three numbers of the Plaintiff's zip code. Plaintiff is requesting that the data be provided in Excel format and that such shall reflect the name and address of the provider, the provider's status as in-network or out-of-network, the CPT code together with any and all modifiers, the amount billed, and the amount allowed.

19. The findings, reports, analyses, summaries, notes, memoranda, and any correspondence to, from, or between Defendant's medical directors, clinicians, or claims processors relating to the review and processing of the claim at issue in this action.

20. True and legible copies of Defendant's guidelines to determine the reimbursement amounts for out-of-network provider for the similar services at issue in this action performed at Miami-Dade County.

Respectfully submitted,

**<u>LUBELL | ROSEN</u>**
*Attorneys for Plaintiff*
Museum Plaza- Suite 900
200 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 880-9500
Facsimile: (954) 755-2993
E-mail:     prs@lubellrosen.com
E-mail:     mlr@lubellrosen.com
E-mail:     sbl@lubellrosen.com
E-mail:     alr@lubellrosen.com

By:     */s/ Patrick R. Sullivan, Esq.*
Patrick R. Sullivan, Esquire
Fla. Bar No.: 114135
Mark L. Rosen, Esquire
Fla. Bar No. 45675
Sean B. Linder, Esquire
Fla. Bar No.: 1002351
Amber L. Ruocco, Esquire
Fla. Bar No. 121669

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by email through the Florida Courts E-Filing Portal on February 14, 2022, to the following:

| | |
|---|---|
| Shari Gerson, Esq.<br>GrayRobinson, P.A.<br>401 East Las Olas Boulevard<br>Suite 1000<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 761-8111<br>***Counsel for Defendant*** | Shari.gerson@gray-robinson.com<br>Amy.miguelez@gray-robinson.com |

By:     */s/Patrick Sullivan, Esq.*
Patrick R. Sullivan, Esquire
Fla. Bar No.: 114135